UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERESA LOCKETT,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-01309 SPM |
| | ) |
| JACQUELINE S. JACKSON, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Teresa Lockett brings this action against her sister, Jacqueline Jackson, who appears to be her Court-appointed guardian, asserting a conversion of Social Security funds purportedly taken from her in May and June of 2025. [ECF No. 1]. The matter is now before the Court upon the Motion of Plaintiff for Leave to Proceed in Forma Pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the Motion and the financial information submitted in support, the Court will grant Plaintiff's Motion. Additionally, for the reasons discussed below, the Court will dismiss this action for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's Motion for Appointment of Counsel will be denied as moot. [ECF No. 3].

**Legal Standard**

If this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Additionally, this Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or

---

[1] Plaintiff is also known as Theresa Lockett.

malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, who appears to suffer from Schizophrenia, ECF No. 1-3 at 9, filed the instant action against her sister, Jacqueline Jackson, who she claims to be her Court-appointed power of attorney and guardian. *See generally* ECF No. 1. Before delving into the claims in this action, the Court first notes that prior to filing this action on August 28, 2025, it seems that Plaintiff had momentarily stopped taking medication to treat her Schizophrenia in early June of 2025, and a change was noticed in her behavior. *Id.*

Plaintiff voluntarily sought mental health assistance through SSM DePaul Hospital on or about June 7, 2025. Plaintiff attached to her Complaint the hospital intake forms from DePaul. Additionally, Plaintiff provided to the Court an affidavit filed by her sister Jacqueline that was provided to DePaul Hospital at the time she was admitted. It states:

> Teresa has been acting different for about two weeks her mood attitude and everything has changed, her case worker, day care center and myself noticed on Monday, June 2, 2025. Teresa walked off and did not return. Teresa is a paranoid Schizophrenic Multiple Personality Hallucinations and Manic Depressions. She has

not taken her oral medication since Sunday June 1st and daily has been getting worse. As of May 2021 I am Teresa Lockett Power of Attorney.

[ECF No. 1-3 at 10].

It is unclear how long Plaintiff remained at DePaul Hospital for voluntary treatment, as she has attached a letter to her Complaint showing that she presented herself to the Family Care Office at Christian Hospital on June 11, 2025, for an early office appointment relating to mental health services. [ECF No. 1-3 at 6]. Thus, it looks as if she departed from the 96-hour hold at DePaul Hospital several days early. The Court now examines Plaintiff's claims in this action against her sister Jacqueline.

Plaintiff's Complaint lacks a coherent "Statement of Claim" and jurisdictional statement; thus, the Court must surmise the gist of Plaintiff's claims and the jurisdictional basis for this lawsuit from the entirety of the filings in this case. On page 6 of Plaintiff's Complaint, Plaintiff states the following:

> I receive SSI and Jacqueline kept $2991.00 from my SSI as my payee. I never received any of my SSI funds for two months nor did she pay my rent for two months.

[ECF No. 1 at 6].

Plaintiff has attached a copy of a "Statement of Claimant," that she submitted to the Social Security Administration on an undisclosed date. It states:

> To Whom This May Concern:
>
> I am writing this letter so that Social Security can be stopped having Jackie Jackson as my Payee. I have not received any money from the payments in the last 2 months. She did not pay rent for these months. I need her to release my money. She wrote roommate to not allow me in the house. She has all my identification (ID) and her lawyer told her not to give me my money. I need my money and ID. I cannot find anywhere else to go. She put it into [undecipherable] account of debit card.

[ECF No. 1-3 at 7].

Plaintiff failed to fill in the jurisdictional statement in her Complaint; however, she denoted that she and her sister were both citizens of the State of Missouri. On the Civil Cover Sheet, she noted that her case arose under Federal Question jurisdiction and involved matters related to "Voting." Plaintiff's Complaint is devoid of allegations relating to voting. Rather, her claims appear to be related to a dispute between her and her guardian regarding how her SSI benefits were spent between May and June 2025. The only portion of the Complaint that appears to request relief is contained within Plaintiff's "Statement of Claimant" letter submitted to the Social Security Administration in which she seeks an order from SSA to stop sending her benefits to Jacqueline Jackson and asks for a recoupment of funds.

**Discussion**

As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of proving jurisdiction. *See Mitchael v. Colvin*, 809 F.3d 1050, 1053 (8th Cir. 2016) (citing *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010)). Here, Plaintiff has failed to articulate a basis for this Court's jurisdiction in the Complaint.

To the extent Plaintiff seeks to sue her sister for conversion, or civil theft of her funds,[2] this Court has no federal subject matter jurisdiction over her claim. This Court lacks diversity jurisdiction under 28 U.S.C. § 1332, as both she and her sister are citizens of Missouri, and the amount in controversy in this action is less than the required $75,000. And a state court claim of conversion, by itself, does not state a federal question.

To the extent Plaintiff is claiming that the Social Security Administration failed to stop Jackson from withdrawing the funds or change the beneficiary of the funds after she sought the change, the SSA, as an agency of the United States, enjoys sovereign immunity from suit absent

---

[2] *See Eckel v. Eckel,* 540 S.W.3d 476, 487 (Mo. Ct. App. 2018) (noting that the tort of conversion applies to the theft of personal property to the exclusion of the owner's rights).

- 4 -

consent. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), *United States v. Mitchell,* 463 U.S 206, 212 (1983). And the existence of consent is a prerequisite for jurisdiction. *Id.*

Even if the Court were to assume that the Social Security Administration was the proper Defendant in this action, Plaintiff's Complaint contains no facts to even arguably suggest that the SSA or one of its agents waived sovereign immunity. Additionally, Plaintiff fails to expressly cite the Social Security Act as the basis for her Complaint. However, in an abundance of caution, the Court will address 42 U.S.C. § 405(g), as it could be relevant here.

Section 405(g) contains a limited waiver of the SSA's sovereign immunity. It specifically permits suits challenging final decisions of the Commissioner of Social Security in connection with social security eligibility and benefits determinations. 42 U.S.C. § 405(g); *see also Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Section 405(g) limits the jurisdiction of the federal district courts to "affirming, modifying, or reversing the [final] decision of the Commissioner." 42 U.S.C. § 405(g).

But in this case, Plaintiff neither submits nor references a final decision from an Administrative Law Judge (ALJ) or the Appeals Council, and her Complaint contains no allegations that can be construed as identifying any final decision of the Commissioner of Social Security that Plaintiff seeks to challenge. Additionally, Plaintiff's Complaint contains no facts that would state a colorable constitutional claim. There is therefore no basis to conclude that this Court has jurisdiction over Plaintiff's claims against the SSA concerning her monthly benefits. *See Grisso v. Apfel*, 219 F.3d 791, 793 (8th Cir. 2000) ("To the extent [the plaintiff's] mandamus petition sought reimbursement of benefits, we agree with the district court that it lacked jurisdiction to review such a claim absent exhaustion of administrative remedies"); *see also Armstrong v. Astrue*, 569 F. Supp. 2d 888, 898 (D. Minn. 2008) (dismissing claim challenging amount of

monthly SSA benefits when plaintiff failed to submit final decision from ALJ or Appeals Council for federal district court's review).

Finally, to the extent Plaintiff can be understood to assert a claim under the Federal Tort Claims Act ("FTCA"), such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (federal agencies cannot be sued under the FTCA). Even if Plaintiff had named the United States as the Defendant, there is no indication she has complied with any of the necessary prerequisites for bringing a claim under the FTCA. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011). Plaintiff does not identify, nor is the Court aware, of any alternative jurisdictional basis for this action. Having thoroughly reviewed and liberally construed the complaint, the Court concludes it lacks subject matter jurisdiction and will therefore dismiss this action at this time. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED AS MOOT.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of February, 2026.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE